FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

14 DEC 18 AM 10: 59

_Ft. MyERS,_ Division

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

**CIVIL RIGHTS COMPLAINT FORM**

_KENNETH Coleman_ #183679    CASE NUMBER: _____
                             (To be supplied by Clerk's Office)

_____

_____    2:14-cV-726-FtM-38DNF

(Enter full name of each Plaintiff and
prison number, if applicable)

v.

_MR. T. BOWDEN_      _L. SEVERSON,_

_MAJOR, COLON_

_Sgt. J. D. RIOS_

_Sgt. WALKER    et. AL._
(Enter full name of each Defendant.
If additional space is required, use the
blank area directly to the right).
_Sgt. Driggers_    /

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I.    PLACE OF PRESENT CONFINEMENT: _SUWANNEE Correctional institution_
                                    (Indicate the name and location)
      _5964 U.S. HighWAY 90  LiVE OAK, FLorida  32060_

II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES: **Exhaustion of administrative remedies is**
      **required prior to pursuing a civil rights action regarding conditions or events in any prison, jail,**
      **or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the**
      **administrative grievance process was not completed prior to filing this lawsuit may be subject**
      **to dismissal.**

III.  PREVIOUS LAWSUITS:

A.   Have you initiated other lawsuits in state court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes ( )   No (✗)

B.   Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?   Yes ( )   No (✗)

C.   If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

    1.   Parties to previous lawsuit:

        Plaintiff(s): _____ *NONE* _____

        _____ *NONE* _____

        Defendant(s): _____ *NONE* _____

        _____ *NONE* _____

    2.   Court (if federal court, name the district; if state court, name the county):

        _____ *NONE* _____

    3.   Docket Number: _____ *NONE* _____

    4.   Name of judge: _____ *NONE* _____

    5.   Briefly describe the facts and basis of the lawsuit: _____ *NONE* _____

        _____ *NONE* _____

        _____ *NONE* _____

    6.   Disposition (Was the case dismissed? Was it appealed? Is it still pending?):

        _____ *NONE* _____

        _____ *NONE* _____

    7.   Approximate filing date: _____ *NONE* _____

    8.   Approximate disposition date: _____ *NONE* _____

D.   Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so,

identify these suits below by providing the case number, the style, and the disposition of each case: _____ *NONE* _____

_____ *NONE* _____

_____ *NONE* _____

_____ *NONE* _____

IV.   **PARTIES:** In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: _*KENNETH COLEMAN #183679*_

Mailing address: _*SUWANNEE Correctional institution*_

_*5964 US Highway 90 Live OAK, Florida 32060*_

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the **full name** of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: _*MR. T. BOWDEN*_

Mailing Address: _*Florida Department of Corrections Central Office*_

_*501 South Calhoun STREET, Tallahassee Florida 32399-2500*_

Position: _*SecreTARY of Department of Corrections*_

Employed at: _*Central Office in Tallahassee*_

D.   Defendant: _*NOW MAJOR ColoN,*_

Mailing Address: _*Central Florida Reception Center*_

_*7000 H.C. KELLEY Road Orlando, Florida 32831-2518*_

DC 225 (Rev 2/2012)                               3

Position: _Now MAJOR_

Employed at: _Orlando Reception Center_

E.   Defendant: _Sgt. J.D. Rios_

Mailing Address: _Charlotte Correctional institution_

_33123 Oil Well Road Punta Gorda, Florida 33955_

Position: _Dormitory Supervisor_

Employed at: _Charlotte Correctional institution_

F.   Defendant: _Sgt. Walker_

Mailing Address: _Charlotte Correctional institution_

_33123 Oil Well Road Punta Gorda Florida 33955_

Position: _Security 9_

Employed at: _Charlotte Correctional institution_

G.   Defendant: _Sgt Driggers_

Mailing Address: _Charlotte Correctional institution_

_33123 Oil Well Road Punta Gorda Florida 33955_

Position: _Dormitory Supervisor_

Employed at: _Charlotte Correctional institution_

H.   Defendant: L. SEVERSON, Prison Warden
Address: Charlotte Correctional institution
         33123 Oil Well Road Punta Gorda Fla. 33955
Position: WARDEN, OVER Prison
Employed at: CHARLOTTE Correctional institution

V.   STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. **Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.**

Prison Guards Abused MR. Coleman, AT THE Prison; Through Violence OF OTHER Inmates, Subjecting MR. Coleman, To OVERLY HARSH Conditions; Violateing His 1st 8th and 14th Amendments TO THE United STATES Constitutional. Prison GUARDS Were deliberate indifference To MR. Coleman "SAFTY," and NEEDS.

VI.   STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1.   Name and position of person(s) involved.
2.   Date(s).
3.   Place(s).
4.   Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.   Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant[s]).

ON OCTober 9, 2012 THE Dormitory Supervisor Sgt. (Driggers), Call the EVENING Count Early, and locked EVERYONE inside their CELLs. After Being locked inside The CELL For AN hour, and half and No ONE Come around To Count, or Do A Security Check I Noded OFF To Sleep. While Sleeping, my Roommate KENNETH JONES, Known By The STAFF AS A violent Convicted Killer, in Prison For

Killing his Wife, and Serving A Life Sentance with out Parole. INMATE KENNETH JONES, STARTED Punching me in My FACE For No invalad Reason. HE then hit me in The FACE With AN ObJect. inmate Jones, A 260 Pound Bullie, Then SNATCH me, OFF The Top Bunk, and Slamed me on The Floor, and STARTED Kicking me in The Hip. I Just laid there on The Floor I Could NOT Fight BACK Bacouse I was To DAZED From A 260 pound KNOWN Bullie punching me in The EYE. Finally a hour and half lATER Sgt. Driggers, Came around and Found me laying on the Floor Bleeding From The mouTH. Sgt. Driggers, Then Call For BACK up The Captin's, Shift Supervisor Came, and Madical also Came With The STretcher. I Was Than TAKEN To The Prison Madical Dapartmant, Whare A Nurse JANE DOE, Discovered That My inJury's Was Very Serious, and She advised The Supervisor That I Be TAKEN To A outside hospital. Thare Ware Two Pictures of My EYE injury TAKEN By Security and Placed into Evidence. if For Sgt. Driggers, and her Subordinate officers Would have made Thair

**VII.** <u>RELIEF REQUESTED</u>: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

Continue From page 6

( Supporting FACTS )

Security Check Rounds EVRRY 30 minutes as The Regulations Require, Thus unlawful Beating MAY NOT have Occured. But For Sgt. Driggers, and her Subordinate officer Failure To MAKE Security Check Rounds EVERY 30 minutes, Thus Gave My Room MATE Kenneth Jones, A 260 pound Bullie Enough Time To Beat Coleman, A little While Longer. At The Time Coleman, Recieved His injuries, From violence Created By STAFF, and inmate AT THE prison. HE Was HOUSED under "MEDium" CUSTODY; and Serveing A 10 year Sentence For Burglary. and Coleman, ONLY Weight A 120 pounds. Coleman, Roommate KENNETH JONES, Was HOUSED under Close CUSTODY HO5 and Was KNOWN To Be Violent By STAFF. HE Was in prison For Killing His Wife, and Weight 260 pounds. I did inform Captian Colon, about me and my Roommate KENNETH JONES, Were NOT Getting Along inside The CELL F4109 Lower, BUT CAPTIAN Colon, did nothing about The Situation. I also informed The Dormitory Supervisor Sgt. J.D. Rios, about me And My Roommate KENNETH JONES, Was NOT Getting Along inside The CELL; F4109 Lower. I advised Sgt. Rios, That My Roomate KENNETH JONES, Was Trying To Bullie me Around inside The CELL. Sgt. Rios, Told me I HAd To DEAL With it, BEcause HE Was NOT Doing any Moving. Sgt. Rios, Was Gross NEgligence about Moving Coleman, ouT The CELL With A 260 pound KNOWN To BE violent inmATE. Thus Causeing MR. Coleman, INJury's. Failure To monitor inmATE KNOWN To BE Violent is dilibarate indifference.

# 7

Continue From page 7

( Supporting Facts )

INMATE KENNETH JONES, WAS HOUSED under close Custody HO5 and KENNETH Coleman, AT THE TIME HE Suffered His INJURY's HE Was Housed under "MEDIUM" Custody. CAPTIAN Colon, Sgt. J.D. Rios, and Sgt. WALKER, all WENT Outside of Their Duty's and Violated Regulations Just To Have plaintiff Housed IN A Small cell with A 260 pound violent, Bullie inmate, Just BECAUSE Coleman, File Grievances against Them IN The past. KENNETH Jones, OUT WEIGHT Plaintiff more Than 150 pounds and Jones, was Close Custody. The prison Regulations Require Close Custody inmates, To Be Housed With Close Custody inmates and medium Custody inmates, To BE Housed With medium Custody inmates. CAPTIAN Colon, Sgt. J.D. Rios, and Sgt. Walker, all plotted and Schemed To Force Coleman, To Live With His ENemy For The sole purpose of him Getting Beat up For Filing Grievances against Them in The past; SEEKing Administrative Relief. SEE Exhibit ONE ATTATCH To Complaint. Sgt. WALKER, in The past made Verbal Threats to me, Telling me That Someone is going To TAKE Care of me For Writing him up For leaving my personal property inside B-dormitory cell 103 lower For GANG members To STEAL it. After Sgt. Walker, made A Verbal Threat to me Telling ME THAT Someone is going To TAKE Care OF me, I Then File A "EMERGENCY" Grievance Directly To The Department OF Corrections Secretary MR. To Bowden, Explaining in DETAIL THAT I FEARED For my life in The HANDS OF CAPTIAN Colon, and Sgt. WALKER, and I WANTED To Check into protected Custody, Because Colon, and Rios, and Walker, was Trying To Get me KENNETH Coleman, inJured Through, and by Violence OF other inmates at THE prison. SEE: MEDICAL Records ATTATCH To BACK OF Complaint...
Also SEE: Exhibit: ONE Two and Three...

# 8

( Supporting Facts )

Thus Emergency Grievance was Return without action saying The institution will Handle The Situation. I Explain to MR. T. Bowden, in Formal Grievance, Exhibit: ONE That The institution was NOT Doing anything To Resolve This matter. Thats why I wrote A Emergency Grievance To THE Secretary of THE Department of Corrections, Fearing For my Safty, and The Department Did nothing To protect mr. Coleman, Safty. And Shortly There after Coleman, was Seriously injured and Had To Go To A Outside Hospital. SEE: medical Records. plaintiff KENNETH Coleman, Did Fear For His Safty, and He did put STATE officials on NOTICE Through A written Formal Grievance in writeing, which was Require By the prison Regulations 33-103.005.(3)(a). MR. Coleman, also informed Colon, and Rios, verbally and was Turn down. The Department of Corrections Secretary MR. T. Bowden, Fail To EVEN investigate the matter, and THE institution Fail To place MR. Coleman, in protected Custody pending investigation. The Department of Corrections MR. T. Bowden, CAPTIAN Colon, and Sgt. Walker, was deliberate indifference in protecting MR. Coleman SAFTY. AFTER Coleman, put Them on NOTICE verbally, and in writeing. Thus Cause MR. Coleman, Serious injuries, and Had To Go To A Outside hospital. Thus Violated mr. coleman 8th, and 14th, Amendment To The unitedSTATES Constitution. Each DEFENDANT listed in Thus Complaint. MR. T. Bowden, CAPTIAN Colon, Sgt. J.D. Rios, Sgt. walker, and Sgt. Driggers, Has performed A Grossly NEGligence performance of Their DUTY's, By Acting under The Color of STATE Law, By Refuseing To protect MR. Coleman, From violence, of STATE officials, and inmates AT THE prison. Thus Failure To protect MR. coleman HAS caused Him permanently injuries To his left EYE, and HE Now Wears Bifocals pereribed By The Eye Docter, and His left EYE saggs. The STATE Could BE hald liable For injury's of MR. Coleman, who was injured by another inmate on The BASIS OF Evidence

Continue From page 1

( Supporting FACTS )

That ColemaN, Had Expressed Fear For his SAFTY Through THE Grievance procedures, and STATE Employees acTED with Gross Negligence in protecting MR. Coleman, Safty, and policy of NOT Seperating To EnEmy's Was Extremely DANgerous. Const. Amend. 8th Employees at Charlotte Correctional FACility Fail To TAKE REAsonable STEPTS To proTECT MR. coleman, after being Notified of Threats By other officer Amounts To Deliberate indifference. plaintiff plans To Sue EACH Defendant in their individual Capacities. it Was The practice, and policy For the Defendants at Charlotte correctional FACility To RefusE protection RequesTED By MR. ColemaN, SEE: Exhibit: #1 ATTATCH To BACK of ComplAiNT. MR. Coleman's Contends ThaT There Was No Segregation OF NonViolent inmaTES, From violenT inmaTES, or inmaTES with mental disorders, From those Without mental disorders. The prison was routinely understaffed. The Prison Was not operated in accordance with Written policy. inmaTE KENNETH JoNES, Was NOT DiscipliN, or Segregated For assaulting MR. ColemaN, Plaintiff Contends ThaT Defendants Were PUT ON NOTICE ThaT HE FEARED For His SAFTY, and RequesTED For protectioN, and Defendants Neglected Their Duties under The Florida Law By Failing To put Him in protected CustoDy Which resulted in Severe, and permanently DAmage To His Body. THE EigHT Amendment REQuire Prison officials To TAKE REasoNable MEAsures To Guarantee THE "SAFTY" OF THE inmaTES... Where fore Plaintiff respectfully Prays that this Court Enter JudgEmENT Branting Plaintiff CompEnsaTory DAMAGES in THE Amount OF $ 50.000 agAinsT EACH defendant, Jointly and Saverailly. Punitive damages in THE AmOUNT OF $ 20.000 against EACH DEFENDANT. PlAinTIFF Cost in THis Suit. AnY Additional relief this Court deems JusT, ProPer, and EQuitablE...

# 10

CoNtiNuE From PagE 10

( SuPPorting Facts )

MR. CoLEMAN, Contends That He did File A EmERGENCY Grievance To THE Secretary OF THE DEPARTMENT OF Corrections T. Bowden, ExPLAining To Him in DETAIL THAT HE FEARED For His Safty in THE HANDS OF CAPTiAN Colon, and Sgt. WALKER, mR. ColeMAN, did EXPiAiN iN His EmERGENCY Grievance That THE institution Was Not Doing AnYthing To Protect His Safty. SEE: EXhibit: ONE. Thus EmERGENCY GrieVANCE Was ReturN WithOut Action. Secretary T. BoWDEN, RESPONSE Was The institution Should BE given the OPPortunity To RESPond To THE issue. T. BoWDEN, THEN Fowarded THE Grievance To THE WARDEN AT THE Prison For REVIEW. SEE: EXhibit: ONE. WARDEN L. SEVERSON, And CaptiAN Colon, Fail To EVEN investigate THE INciDeNT, And T. BowDEN, The Secretary OF THE DEPARTMENT OF Corrections, He Fail To Direct WARDEN SEVERSON, And CAPTiAN Colon, To Place MR. Coleman, iN Protected Custody Pending investigation. aFter MR. Coleman, EmERGENCY Grievance REQuesting FEAR For His Safty. Failure For the WARDEN L. SEVERSON, To Place MR. ColeMAN, in Protected Custody PENDing investigation, Amounts To deliberate indifference To MR. ColeMAN, SAFTY. Coleman did Raquest Through A EmERGENCY That HE FEARED For His SAFTY. HE AlSo Advised CaptiAN Colon, "VERBAIIY" That HE WAS IN FEAR OF Sgt. WALKER, BEcause Sgt. WALKER, Theorten MR. Coleman SEVERAL TIMES, That HE KNoWs SomEONE THAT Will TAKE CARE Him. Thus Place's MR. ColeMAN, IN FEAR OF His Life. AFter MR. ColeMAN, INjured Through Violence OF ANother inmate HE WAS Then Placed iNto Protected Custody, And Then HE WAS TRANSFERRED To ANother Prison, aFter HE RecieVed His injury's Thus Conduct CreAted By DEFENdant's WARDEN L. SEVERSON, And CAPTIAN Colon, and Sgt. WALKER, inclueing Sg. J. D. Rios, DEPriVED PlAintiff OF A Federal Right. Under 42 U.S.C.A. 1983... and For This REASON, DEFENDANT'S MOTION To Dismiss MY CASE Should BE DENIED...

Continue From Page 10

( Supporting Facts )

( Department of Corrections Policy )

The defendant's are Employee's of the Florida Department of Corrections, are obligated by Law to Familarize Them Selves with the Rules, and Regulations and Laws, of Both Florida Department of Corrections Administrative Code, and State, and Federal Rights Relevant To their Lawful Duty of "Care", Custody, And Controle. To Be Free From Violence By Inmates, or Defendants Listed Herain Coleman, Has Presented The Facts Relateing To His Complaint In The Prison Grievance Procedures, and Medical Records... See: "Exhibits" Attacth To Back of Complaint...

( Jurisdiction and Venue )

This is A Civil Action Authorized By 42 U.S.C. Section 1983 To Redress The deprivation Under Color of State Law, of Rights secured By The Constitution of the United States. The Courts Has Jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3), Plaintiff Seeks daclaratory raliaf Pursuant To 28 U.S.C. Saction 2201 and 2202. Plaintiff Claims For inJuctive raliaf are Authorize by 28 U.S.C. Section 2283 and Rule 65 of The Fadaral Rules of Civil Procadure.

# 11

Plaintiff REQuest in Prayers that the honorble Courts Rule in his FAVOR ON the Weight OF The Evidence. Plaintiff also in Prayers Request that the honorble Court Grant Him A Preliminary injuctions, thus Will Stop the defendants From harassing him, and Retaliating against plaintiff While his law suit is in progress. I am more likely To Suffer irreparable harm if I do not recieve A Preliminary injunction. Without AN injunction my Constitutional Rights will Continue To BE Violated. REspectfully Submitted

KENNEth ColemAN

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this _12_ day of _DECEmbEr_, 2_2014_

KENNEth Coleman

Kenneth Coleman

**(Signatures of all Plaintiffs)**

**IF MAILED BY PRISONER:**

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail on: the _____ day of _DECEmbEr  12_, 20_14_.